**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2950
_____

UNITED STATES OF AMERICA

v.

SHANNON HAMILTON,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-10-cr-00038-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 6, 2022

Before: SHWARTZ, KRAUSE, and ROTH, <u>Circuit Judges</u>

(Filed:  August 11, 2022)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Shannon Hamilton pleaded guilty to violating the terms of his supervised release and was sentenced to ten months' imprisonment. Because there are no nonfrivolous issues to raise on appeal, we will grant his counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismiss his appeal.

## I.      Discussion[1]

Under *Anders*, we first examine counsel's brief to determine if counsel has "adequately fulfilled" the requirements of Third Circuit Local Appellate Rule 109.2(a) by "thoroughly examin[ing] the record in search of appealable issues" and "explain[ing] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Here, counsel's brief thoroughly "explored all possible issues for appeal," including the District Court's jurisdiction, due process, Hamilton's guilty plea, and the legality and reasonableness of his sentence, and so satisfies the "conscientious examination" required by *Anders* and our local rule. *United States v. Marvin*, 211 F.3d 778, 779, 781 (3d Cir. 2000) (quoting *Anders*, 386 U.S. at 744).

We next ask "whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300. We are satisfied that none exists. The District Court properly exercised jurisdiction over Hamilton's criminal case arising from his conduct under 18 U.S.C. § 3231 and was authorized to revoke Hamilton's supervised

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

release under 18 U.S.C. § 3583(e). Venue was appropriate because Hamilton was supervised, and the underlying violations were committed, in the Middle District of Pennsylvania. The District Court also complied with the due process requirements of Federal Rule of Criminal Procedure 32.1 for revocation hearings, as Hamilton had notice of the alleged violation (a Petition for Warrant); the revocation hearing was held within a reasonable time of the filing of the Petition (72 days); and Hamilton was represented by counsel and had an opportunity to present evidence and speak on his own behalf at the hearing. *Cf. United States v. Barnhart*, 980 F.2d 219, 222 (3d Cir. 1992).

There is also no nonfrivolous appealable issue as to Hamilton's guilty plea, which was "counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Counsel was present at the revocation hearing, and Hamilton confirmed that he was free from the influence of drugs and understood the proceedings before he pleaded guilty. Nor is there any nonfrivolous claim that Hamilton's sentence was either procedurally or substantively unreasonable, as the District Court considered the sentencing factors set out in 18 U.S.C. § 3553(a) before imposing a sentence within the Sentencing Guidelines range. *See United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014).

II. **Conclusion**

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

3